## BRILL v. UNITED STATES.

(Circuit Court, S. D. New York. February 19, 1900.)

### No. 2,472.

1. CUSTOMS DUTIES—CLASSIFICATION—RUFFLED COTTON CURTAINS.

In construing Tariff Act Aug. 27, 1894, 28 Stat. 530, c. 349, § 1, Schedule J, par. 276, which relates to "neck rufflings, * * * and articles made wholly or in part of * * * rufflings," *held*, that the word "neck" should not be re-read in connection with the word "rufflings," and that cotton curtains made in part of rufflings are dutiable under said paragraph, and not under paragraph 264 of said act (28 Stat. 529), as "manufactures of cotton." ·

Appeal by the importer from the decision of the board of general appraisers affirming the assessment of duty by the collector of customs on certain merchandise imported at the port of New York.

The merchandise in question consists of ruffled cotton curtains, which were decided by the board to be dutiable, as assessed by the collector, as "articles made wholly or in part of * * * rufflings," under Tariff Act Aug. 27, 1894, c. 349, § 1, Schedule J, par. 276, 28 Stat. 530, which reads as follows:

"276. Laces, edgings, nettings and veilings, embroideries, insertings, neck rufflings, ruchings, trimmings, tuckings, lace window curtains, tamboured articles, and articles embroidered by hand or machinery, embroidered handkerchiefs, and articles made wholly or in part of lace, rufflings, tuckings, or ruchings, all of the above-named articles, composed of flax, jute, cotton, or other vegetable fiber, or of which these substances or either of them, or a mixture of any of them is the component material of chief value, not specially provided for in this act, fifty per centum ad valorem."

The contention of the importer is that the merchandise is dutiable under paragraph 264 of said act (28 Stat. 529), covering "all manufactures of cotton, * * * not specially provided for." The board overruled this contention and affirmed the decision of the collector, on the authority of an earlier ruling (In re Cowdrey, G. A. 2070), which construed the corresponding provisions of Tariff Act Oct. 1, 1890, 26 Stat. 567, c. 1244.

W. Wickham Smith, for importer.

LACOMBE, Circuit Judge (orally). The board of general appraisers seem to have treated this point as if it had been raised and decided in the earlier case, and based their decision upon that, without discussion of the point. Examination of the opinion in the earlier case does not at all indicate that this question of re-reading the word "neck" in connection with the word "rufflings," where that word occurs the second time in the paragraph, was specifically raised before the board in that earlier case. The question is not by any means free from difficulty, and if it were the fact that, in the enumeration of the made-up articles, Congress had repeated all the materials which were enumerated in the beginning of the paragraph, I should be strongly inclined to follow the contention of the importer. Congress, however, seems to have departed from that enumeration, and to be dealing with two detached groups of articles; the one being certain individualities which are enumerated as "laces, edgings, nettings, veilings, embroideries, insertings," etc., and the other a group of articles made up of materials less in number than those included in the individual enumeration. There is no provision for articles made wholly

or in part of edgings, of nettings, of veilings or insertings, or of trim-mings. Therefore I am inclined to take the words used in the second part of the paragraph as words to which their own natural meaning is to be given, irrespective of whatever meaning may have been given to them in the earlier part of the paragraph. That being so, and this being concededly a ruffling, although not a neck ruffling, the decision of the board is affirmed.

